**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-01396-REB

LUKE P., by and through his parents and next friends, JEFF and JULIE P.,

    Plaintiffs,

v.

THOMPSON R2-J SCHOOL DISTRICT,

    Defendant.

## ORDER CONCERNING REIMBURSEMENT OF COSTS

**Blackburn, J.**

This matter is before me on the following filings: 1) the **Plaintiffs' Memorandum Re: Cost Associated with Residential Placement** [#21], filed January 6, 2006; and 2) the defendant's **Supplemental Memorandum Regarding Costs** [#22], filed January 6, 2006. By this order, I resolve the parties' dispute concerning the extent of the defendant's current obligation to pay the costs associated with the residential placement of plaintiff Luke P. at the Boston Higashi School.

In an order entered November 18, 2005, I granted the plaintiffs' Motion for Mandatory Preliminary Injunction [#2], filed July 25, 2005. Under 20 U.S.C. § 1415(j), I ordered the defendant, Thompson R2-J School District (the district), to pay the reasonable cost of maintaining plaintiff, Luke P.'s, current educational placement at the Boston Higashi School so long as that school constitutes Luke's current educational placement. Section 1415(j) is part of the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. §§ 1400 to 1482.

The IDEA requires the district to provide a free and appropriate public education (FAPE) to Luke. In this case a FAPE means "special education and related services" that "are provided in conformity with the individualized education program required under section 1414(d) of this title." 20 U.S.C. § 1401 (9). The term related services "means transportation, and such developmental, corrective, and other supportive services (including . . . recreation, including therapeutic recreation, . . . designed to enable a child with a disability to receive a free appropriate public education as described in the individualized education program of the child, . . .) as may be required to assist a child with a disability to benefit from special education . . . . 20 U.S.C.A. § 1401 (26). The term "related services" as used in § 1401 "broadly encompasses those supportive services that may be required to assist a child with a disability to benefit from special education." **Cedar Rapids Community School Dist. v. Garret F.**, 526 U.S. 66, 73 (1999). In short, the district's payment obligation includes the cost of all supportive services that reasonably may be required to permit Luke to benefit from his current educational placement at the Boston Higashi School, including reimbursement to Luke's parents of all reasonable costs they have paid to maintain Luke's current educational placement.

The parties' January 6, 2006, filings address certain costs that the plaintiffs argue must be reimbursed, and that the district argues are not subject to the payment mandate of the IDEA. The parties' filings also indicate that they are in agreement that the district is required to pay for certain items under the IDEA. The costs in question concern tuition payments and various transportation costs. Luke's parents, plaintiffs,

Jeff and Julie P., reside in Colorado. The Boston Higashi School is located in Boston, Massachusetts.

**Tuition** - The plaintiff reports that the district has paid Luke's tuition costs from October 6, 2005, through December 22, 2005, and that the district is negotiating an agreement with the Boston Higashi School concerning the continued payment of Luke's tuition costs. The plaintiffs claim, however, that the district is obligated to pay tuition costs from July 8, 2005, forward. The district reports that it has paid Luke's tuition related costs from October 6, 2005. *Plaintiff's memorandum* [#21], filed January 6, 2006; *Defendant's supplemental memorandum* [#22], filed January 6, 2006. My order granting the plaintiffs' motion for preliminary injunction [#15], filed November 18, 2005, requires the district to pay the reasonable costs associated with Luke's placement at the Boston Higashi School "arising on or after July 8, 2005." *Order* [#15], filed November 18, 2005, p. 14; *Order amending* [#19], filed December 12, 2005, p. 2. Thus, the district is obligated to pay Luke's tuition costs from July 8, 2005.

**Transportation of Luke and Parents for School Breaks** - Luke's parents seek reimbursement for the reasonable costs associated with two adults transporting Luke to and from the Boston Higashi School three times each school year. These trips coincide with Winter break, Spring Break, and Summer break. The district agrees that it is reasonable for the district to pay the airfare for Luke and both parents to transport Luke to and from school through the Spring and Summer breaks in 2006. Beyond those breaks, the district argues that it should not have to pay for the travel both parents indefinitely. Rather, the district argues that it should be required to pay only for one parent, absent documentation that there is a continued need for both parents to

transport Luke to and from school.

There is argument in the record concerning the reasonable necessity for both parents to travel with Luke when he is transported to and from school. However, there is little if any evidence in the record on this issue. On the current record, I find that there is no basis to presume that it is reasonably necessary for both parents to travel with Luke beyond Luke's return to school at the end of the Summer break of 2006. Absent such evidence, I will not require the district to pay transportation costs for both parents associated with the transportation of Luke to and from the Boston Higashi School in connection with school breaks beyond Luke's return to school at the end of the Summer break of 2006.

**Transportation of Parents for Parent Training** - The plaintiffs argue that the district must pay round trip travel expenses for both of Luke's parents for three parent training trips per year, in addition to travel expenses for transporting Luke to and from school. The district argues that parent training should be coordinated with travel associated with transporting Luke to and from school. In addition, the district argues that training can be coordinated so that only one parent need attend. The plaintiffs argue that it is important that the parent training trips occur during the term, and not at the beginning or end of a term. They cite two reasons. First, they argue that training only at the beginning or end of a term would leave a gap of several months when Luke and his parents do not interact, making parental interaction during breaks more difficult. Second, the beginning and end of a term is hectic and stressful for students and staff, making the training less effective.

These reasons for additional travel for the purpose of parent training may carry

4

some weight, but currently there is no evidence in the record to support these arguments. Absent evidence which demonstrates that three additional parent training trips per year are supportive services that are required to assist Luke to benefit from special education, I cannot conclude that the district is required to pay these travel expenses under the IDEA. 20 U.S.C.A. § 1401 (26) (defining "related services").

**Transportation of Parents for School Events** - The plaintiffs request reimbursement for the cost of their attendance at two school events, Sports Day and the Yu-Ai Festival/Family Day. The argue that these two events are a necessary and integral part of Luke's educational program, and are designed by the school for parent involvement and training. The district argues that there has been no showing that these events and the presence of one or both of Luke's parents is necessary to provide Luke with a FAPE.

Citing Exhibit E to their memorandum, the plaintiffs argue that these two school events are a necessary and integral part of Luke's educational program. Exhibit E is an outline of school events apparently prepared by the Boston Higashi School. Describing Sports Day, the outline says: "Parent participation is also planned, and it is a very good opportunity for the parents of new students to see the students' progress since their enrollment." The outline describes the Yu-Ai Festival as a culmination of the student's entire year of work. Parent participation is mentioned obliquely: "Be ready to motivate the students by participating with your whole family."

Nothing in the record, including Exhibit E, demonstrates that parent attendance at these events constitutes supportive services that are required to assist Luke to benefit from special education. Therefore, I cannot conclude that the district is required

5

to pay these travel expenses under the IDEA. 20 U.S.C.A. § 1401 (26) (defining "related services").

**Lodging** - The plaintiffs request reimbursement for two nights lodging per trip at the rate set by the General Services Administration for the Boston area. That rate is 192 dollars per night, excluding taxes, for the period between May 1 and November 30, and 159 dollars per night, excluding taxes, for the period between December 1 and April 30. The district agrees that this rate is reasonable. However, the district asserts that Luke's parents can transport him to school in a single overnight trip and that, under no circumstances, would such transportation require more than two nights of lodging in Boston.

Having considered all of the circumstances, I find that it is reasonable to require the district to pay for two nights of lodging in Boston for trips involving the transportation of Luke to and from school. Considering the ususal travel time between Denver and Boston, and the reasonable need for the parents to participate in various school programs concurrent with such trips, two nights of lodging is reasonable.

**Mileage** - The plaintiffs and the district agree that it is reasonable to reimburse the plaintiffs for the use of their personal car to and from their home to Denver International Airport at the Internal Revenue Service rate of 48.5 cents per mile.

**Parking** - The plaintiffs request reimbursement for two days parking at Denver International Airport, economy lot, for each reimbursable trip they make to Boston. The district agrees that it is reasonable to reimburse this expense when the plaintiffs are transporting Luke to school.

**Rental Car** - The plaintiffs request reimbursement for the cost of renting a

compact car for each reimbursable trip to Boston. The district agrees that it is reasonable to reimburse this expense when the plaintiffs are transporting Luke to school.

**Per Diem** - The plaintiffs request reimbursement for two days per person per diem per trip for meals and incidental expenses at the rate set by the General Services Administration for the Boston area, which is 51 dollars per day.  The district agrees that this rate is reasonable, but argues that it should be adjusted to 75 percent of that rate for the first and last day of travel.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant's IDEA payment obligation **SHALL INCLUDE** the reasonable tuition costs associated with Luke's placement at the Boston Higashi School arising on or after July 8, 2005;

2.  That the defendant's IDEA payment obligation **SHALL INCLUDE** the reasonable transportation costs for both of Luke P.'s parents associated with the transportation of Luke P. to and from the Boston Higashi School in connection with three school breaks per school year through and including Luke's return to school at the end of the Summer break of 2006;

3.  That absent sufficient evidence demonstrating that it is reasonably necessary for both parents to travel with Luke beyond Luke's return to school at the end of the Summer break of 2006, the defendant shall be required to pay the transportation costs of only one of Luke P.'s parents associated with the transportation of Luke P. to and from the Boston Higashi School in connection with three school breaks per school year;

4.   That the defendant's IDEA payment obligation **SHALL INCLUDE** the cost of

the plaintiffs' lodging, mileage, parking, rental car, and per diem expenses associated with the transportation of Luke P. to and from the Boston Higashi School in connection with three school breaks per school year at the rates specified in this order;

5.  That on the current record, the defendant's IDEA payment obligation **SHALL NOT INCLUDE** reimbursement of the plaintiffs for other costs addressed in the Plaintiffs' Memorandum Re: Cost Associated with Residential Placement [#21], filed January 6, 2006, including travel for parent training and travel for school events undertaken independent of travel associated with the transportation of Luke P. to and from the Boston Higashi School as authorized in this order; and

6.  That unless otherwise modified, amended, or terminated, this order **SHALL REMAIN IN EFFECT** so long as the Boston Higashi School is Luke P.'s current educational placement under the IDEA.

Dated June 30, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**